UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| LUC JOHN GAGNON, </br></br> Plaintiff </br></br> v. </br></br> FORREST BURNS, </br></br> Defendant | ) </br> ) </br> ) </br> ) 1:16-cv-00083-NT </br> ) </br> ) </br> ) </br> ) </br> ) |

**RECOMMENDED DECISION AFTER SCREENING COMPLAINT
PURSUANT TO 28 U.S.C. §§ 1915(e), 1915A**

In this action, Plaintiff Luc John Gagnon, an inmate in the custody of the Department of Corrections, alleges that Defendant Forrest Burns violated his constitutional rights by misplacing or discarding Plaintiff's bible and 15 pages of legal papers.

Although Plaintiff did not file an application to proceed in forma pauperis, he filed a trust account statement, which the Court has interpreted as a request to proceed in forma pauperis. Plaintiff's request to proceed in forma pauperis is granted.[1]

In accordance with the in forma pauperis statute, a preliminary review of Plaintiff's complaint is appropriate. 28 U.S.C. § 1915(e)(2). Additionally, Plaintiff's complaint is subject to screening "before docketing, if feasible or … as soon as practicable after docketing," because he is "a prisoner seek[ing] redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a).

As explained below, following a review of the pleadings, I recommend that the Court dismiss Plaintiff's complaint.

---

[1] In the event the Court does not adopt this recommended decision, and permits Plaintiff's claim to proceed, I will issue a more formal written order granting Plaintiff's request to proceed in forma pauperis.

## Background Facts [2]

Plaintiff alleges that after corrections officers, including Defendant Forrest Burns, moved Plaintiff from one cell to another cell, Defendant refused to retrieve Plaintiff's bible. When the next shift began, another officer attempted to retrieve from Plaintiff's former cell Plaintiff's legal papers and bible, but reported that the bible was not in the cell. Plaintiff also determined that 15 pages were missing from his legal papers.

On January 6, 2016, Defendant presented Plaintiff with a new bible. Plaintiff reported that he was not satisfied because he had been without a bible for two weeks, and still did not have all of his legal materials. According to Plaintiff, Defendant informed Plaintiff that he would not have provided Plaintiff with a new bible had he known that Plaintiff would continue to grieve the matter,[3] and that the next time Plaintiff lost his bible, Defendant would not give him a new one. Plaintiff alleges that Defendant caused him to suffer "mental and emotional distress by depriving [him] of [his] religious materials and [his] legal paperwork," and seeks to recover money damages. (Pl.'s Affidavit at 2, ECF No. 1-1.)

## Standard of Review

When a party is proceeding in forma pauperis, "the court shall dismiss the case at any time if the court determines," inter alia, that the action is "frivolous or malicious" or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B). "Dismissals [under § 1915] are often made sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke v. Williams*, 490 U.S. 319,

---

[2] The facts set forth herein are derived from Plaintiff's complaint. The reference to the facts as alleged should not be construed as a determination that the alleged facts are accurate. The alleged facts are recited in the context of the standard of review.

[3] Plaintiff filed a grievance on January 1, 2016, in which he complained that Defendant refused his request to retrieve the items immediately after the cell transfer. (Pl.'s Affidavit at 1, ECF No. 1-1; Prisoner Grievance Form, ECF No. 1-2.)

324 (1989). Similarly, a lawsuit by a prisoner against a governmental entity and its officers is subject to dismissal, sua sponte, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1).

When considering whether a complaint states a claim for which relief may be granted, courts must assume the truth of all well-plead facts and give the plaintiff the benefit of all reasonable inferences therefrom. *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 12 (1st Cir. 2011). A complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). "The relevant question ... in assessing plausibility is not whether the complaint makes any particular factual allegations but, rather, whether 'the complaint warrant[s] dismissal because it failed *in toto* to render plaintiffs' entitlement to relief plausible.'" *Rodríguez–Reyes v. Molina–Rodríguez,* 711 F.3d 49, 55 (1st Cir. 2013) (quoting *Twombly,* 550 U.S. at 569 n. 14). Although a pro se plaintiff's complaint is subject to "less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the complaint may not consist entirely of "conclusory allegations that merely parrot the relevant legal standard," *Young v. Wells Fargo, N.A.*, 717 F.3d 224, 231 (1st Cir. 2013). *See also Ferranti v. Moran*, 618 F.2d 888, 890 (1st Cir. 1980) (explaining that the liberal standard applied to the pleadings of pro se plaintiffs "is not to say that pro se plaintiffs are not required to plead basic facts sufficient to state a claim").

## Discussion

Although Plaintiff has not cited specific legal authority in support of his claim, Plaintiff's claim arises under the federal civil rights statute,[4] which provides:

---

[4] The Religious Land Use and Institutionalized Persons Act (RLUIPA), 42 U.S.C. §§ 2000cc-1 – 2000cc-5, which is also potentially implicated, does not create a private cause of action against state officers sued in their individual

> Every person who, under color of any statute, ordinance, regulation, custom, or usage ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law ....

42 U.S.C. § 1983. While § 1983 provides a basis for federal question jurisdiction, § 1983 "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)).

In this case, Plaintiff evidently alleges the violation of rights protected by the Fourteenth Amendment. More specifically, Plaintiff arguably claims a loss of property without due process and a violation of his rights to religious practice and court access guaranteed under the First Amendment.[5]

Preliminarily, the Prison Litigation Reform Act (PLRA) prevents prisoners from asserting claims for mental or emotional injury without a showing of physical injury. Given that Plaintiff has not alleged a physical injury, Plaintiff cannot recover monetary damages for his alleged mental or emotional injury. *See* 42 U.S.C. § 1997e(e); *Robinson v. Landry*, No. 2:15-cv-58-DBH, 2015 WL 4077297, at *2 (D. Me. July 6, 2015) ("Although the First Circuit has avoided ruling on section 1997e(e)'s applicability to constitutional claims …, I conclude that the plain language makes

---

capacities, and does not allow for the award of money damages against state officers sued in their official capacities. *Id.* § 2000cc-2(a) (providing a cause of action for "appropriate relief against a government"); *Sossamon v. Texas*, 563 U.S. 277, 293 (2011) (holding that states, by accepting federal funds, do not consent to waive sovereign immunity to private actions for money damages under RLUIPA); *see also Holland v. Goord,* 758 F.3d 215, 224 (2d Cir. 2014); *Robinson v. Landry*, No. 2:15-cv-58-DBH, 2015 WL 4077297, at *2 (D. Me. July 6, 2015) (citing *Cryer v. Spencer*, 934 F. Supp. 2d 323, 333 (D. Mass. 2013) (collecting cases)).

[5] The First Amendment applies to the states through the Fourteenth Amendment. *Cantwell v. Connecticut*, 310 U.S. 296, 303 (1940); *De Jonge v. Oregon*, 299 U.S. 353, 364 (1937).

4

Robinson's anxiety and emotional distress claim futile.") (footnote omitted) (citing *Kuperman v. Wrenn*, 645 F.3d 69, 73 & n.5 (1st Cir. 2011)).

In addition, Plaintiff has failed to state a plausible claim for the deprivation of a constitutional right. First, when a state remedy is available for the deprivation of his property, neither intentional nor negligent deprivation of property gives rise to a constitutional claim. *Daniels v. Williams,* 474 U.S. 327 (1986); *Hudson v. Palmer,* 468 U.S. 517 (1984). In the event Plaintiff can demonstrate that Defendant is responsible for the loss of Plaintiff's property, Plaintiff has a state law remedy.[6] Second, Plaintiff's allegations do not suggest that Defendant purposefully disposed of his bible, and do not support an inference that Defendant otherwise imposed a burden on Plaintiff's religious exercise.[7] Finally, although Plaintiff has alleged that 15 pages of his legal materials are missing, Plaintiff has not alleged any facts that would support a finding that Defendant was personally responsible for disposing of, destroying, or otherwise depriving Plaintiff of the pages, nor has he alleged that he has experienced prejudice in any legal proceeding as a result of the loss. *Lewis v. Casey,* 518 U.S. 343, 353 (1996) (requiring "a nonfrivolous legal claim [being] frustrated or ... impeded"); *Boivin v. Black,* 225 F.3d 36, 43 n. 5 (1st Cir. 2000) (citing *Lewis* and requiring a showing of actual injury).

---

[6] Maine governmental entities are liable for property losses arising from the operation or maintenance of any public building, 14 M.R.S. § 8104-A(2), and Maine law affords an individual an adequate remedy for the negligent or intentional destruction of personal property in the form of a common law conversion claim, *Withers v. Hackett*, 1998 ME 164, ¶ 7, 714 A.2d 798, 800. In any event, I do not construe Plaintiff's amended complaint to assert a state law claim of conversion, particularly given that Plaintiff has been provided with a new bible.

[7] Defendant supplied Plaintiff with another bible five days after Plaintiff filed his grievance. However, Plaintiff's allegations do not suggest that Defendant was personally responsible for supplying Plaintiff with a bible, or that he personally deprived Plaintiff of a bible. Furthermore, Plaintiff has not requested injunctive relief, which request in any event would be moot because Defendant provided Plaintiff with another bible.

In sum, Plaintiff's claim for money damages is barred by the PLRA. To the extent Plaintiff has asserted a claim that is not barred by the terms of the PLRA, Plaintiff has failed to state an actionable claim against Defendant.

## CONCLUSION

Based on the foregoing analysis, after a review pursuant to 28 U.S.C. § 1915(e)(2) and 28 U.S.C. § 1915A(a), I recommend that the Court dismiss Plaintiff's complaint.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ John C. Nivison  
U.S. Magistrate Judge

Dated this 26th day of February, 2016.